IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| VERNON ROBERTS, AS PERSONAL ) <br> REPRESENTATIVE OF THE ESTATE ) <br> OF MARTHA DARLENE ROBERTS, ) <br> DECEASED, ) <br>     PLAINTIFF ) <br> ) <br> VS. ) <br> ) <br> BARBARA ANN ROBERTS, AND ) <br> ROBERT JOHN SCHIESS, III, ) <br>     DEFENDANTS ) | CIVIL ACTION FILE NO. <br> 2:07-MC-3375-MHT |

_____
**OBJECTION AND RESPONSE TO MOTION TO QUASH
SUBPOENA FOR DEPOSITION AND SUBPOENA FOR PRODUCTION AS TO
AGENT BRENT THOMAS**
_____

COMES NOW, C. Gregory Price, P.C., as counsel in the underlying civil action for Robert John Schiess, III, defendant, (i.e. United States District Court for the Northern District of Georgia, Rome Division case No. 4:07cv-025-HLM) and responds to that Motion to Quash filed by Haran Lowe, Esq., on behalf of the deponent and the State of Alabama, and shows as follows:

PREAMBLE

Respondent, Robert John Schiess, III shows that this matter is an action brought under diversity in the United States District Court for the

Northern District of Georgia seeking money damages against a purported Georgia resident(s) by an Alabama resident for the alleged wrongful death of his spouse. The defendant's are in custody in the State of Alabama, specifically the Cherokee County, Alabama Detention Center and under indictment in that County for capital Murder. That action has not yet gone to trial, although preliminary hearings have been had.

Discovery in this action began and a notice of deposition for the defendant's was served. Defendant Schiess filed an objection to the taking of his deposition and a Motion to Stay proceedings until completion of the criminal case due to the fact of the pendency of the criminal action against him in the State of Alabama, and the conflict between his need to assert his Constitutional and statutory privileges and the conflict the same imposed in properly defending his civil action. (See ECF/CM Docket items #27, 28, and 29. For the Northern District of Georgia). The Court after consideration of argument and citation denied both the Motion to Stay the deposition and Stay the proceedings and directing discovery to proceed.

As part of the continuation of the discovery process as directed by the Federal Court, Defendant Robert John Schiess, III did issue and serve a subpoena for deposition within 100 miles of the business or residence of the deponent Agent Brent Thomas pursuant to the Federal Rules of Civil

Procedure Rule 45. Mr. Thomas is an individual who is an investigator with the Alabama Bureau of Investigation and has knowledge, information and substantive facts and tangible items which are not only discoverable but may lead to evidence applicable to defenses of the defendant in this Civil Action, especially in view of testimony already provided in discovery deposition of the Plaintiff. There is also pending the depositions of other and further Alabama law enforcement personnel who are involved in this case, to-wit: investigator Bo Jolly, Cherokee County Sheriff's Office (scheduled for October 5, 2007 in Centre, AL) and Dr. Adel Shaker, M.D. (State's medical examiner scheduled for October 16, 2007 in Huntsville, AL). At this point no Motion to Quash exists as to such depositions, however, an Assistant Deputy District Attorney did file in the Northern District of Georgia a Motion to Quash the deposition of Bo Jolly, which such motion was dismissed by the trial court without prejudice. No re-filing has occurred properly and as such the depositions are set to proceed.

      The State of Alabama has thus as to this deposition of Brent Thomas, filed its Motion to Quash the Subpoena and thus thwart defendant's utilization of the discovery process and in essence seeking to stay the discovery process involving all persons who have knowledge and contact through in this action as law enforcement personnel involved in an ongoing

criminal action. This would as well provide protection of all documents, tangible items etc.. which have been developed in this case and which are necessary to affectation of proper judicial fair play and due process in the civil action. The movant asserts an Alabama Civil Procedural Code Section contending that such Code section is applicable and mandates a Quashing of the Subpoena and thus thwarting the deposition and the production of things attendant to the deposition.

Defendant Robert John Schiess, Jr. responds specifically as follows:

ARGUMENT AND CITATION OF AUTHORITY

Federal Courts sitting in diversity actions are required to apply state substantive law of the action and federal procedural law. 28 U.S.C.§1332. (See Cohen v. Home Depot, Inc., 183 F. 3d 1292 C.A. 11 (Fla.), 1999.

This action is a diversity action for Wrongful Death brought in a the Federal Court of the Northern District of Georgia under the concept of *lex loci* as to the application of the substantive law of Alabama for such cause of action and for the issue of damages. The procedural rules and processes of the Federal Rules of Civil Procedure, and Federal Rules of Evidence apply and supersede the procedural rules of the state in which the cause is *lex loci delicti*.

The general concept has been that to hold that a Federal Rule is inapplicable whenever it alters the mode of pursuing a state created right otherwise by not following the Federal Rule would eliminate either the Constitution's grant of power over federal procedure or Congress's attempt to exercise that power in the Enabling Act. As such, it has been held in Ferrero v. Associate Materials, Inc., 923 F. 2d 1441 (11th Cir. 1991) that Federal Courts should apply the Federal Rules to the exclusion of any contrary state procedure as long as the Rule is both constitutional and within the scope of the enabling act. (Also see Baird v. Celis, M.D. 41 F. Supp. 2d 1358 (1999).

Further, respondent Schiess contends that to require the defendant to appear and respond under subpoena for deposition and to not require a state investigator to be subject to examination and production of evidence appears to be an unjust application of law, and appears to be an unfair and inappropriate application of basic adversarial litigation rights.

CONCLUSION

WHEREFORE, respondent prays that this Honorable Court deny the Motion to Quash and require the deponent to honor the subpoena as issued at a mutually scheduled time therefor.

                                          Respectfully Submitted,

                                        <u>/s/ C. Gregory Price, P.C.</u>
                                     C. Gregory Price, P.C.
                                       For Defendant ROBERT JOHN SCHIESS, III

P.O. Box 69
309 East Second Ave.
Rome, GA 30162-0069
706-236-9935
Georgia Bar No. 587657

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned has served a copy of the above and foregoing Defendant Schiess' First DEFENDANT SCHIESS' OBJECTION AND RESPONSE TO MOTION TO QUASH SUPBOENA Agent Brent Thomas by United States Mail this date and as well by sending a copy of this by electronic means by filing the same with the ECF/CM system for the United States District Court for the Northern District of Georgia to insure that the same will be electronically served to all parties and counsel of record as follows:

 J. ANDERSON DAVIS, ESQ.  P.O. Box 5513  Rome, GA 30162-5513


 BARBARA ANN ROBERTS, c/o Cherokee County Detention Center, 110 Cedar Bluff Road, Centre, AL 35960-0000


Robert F. Johnston, Jr., C/O Cherokee County District Attorneys Office, 300 Grand Ave. South, Suite 505 Dekalb County Courthouse, Fort Payne, Al 35967.

J. Haran Lowe, Jr. Esq.,  State's Counsel for State of Alabama Department of Public Safety, Legal Unit P.O. Box 1511, Montgomery, Alabama 36102

<u>Clerk, United States District Court</u>, Middle District of Alabama,

Debra Hackett, P.O. Box 711 Montgomery, AL 36101-0711
    Respectfully Submitted,

          <u>/s/ C. Gregory Price, P.C.</u>
          C. Gregory Price, P.C.
        For Defendant ROBERT JOHN SCHIESS, III

P.O. Box 69
309 East Second Ave.
Rome, GA 30162-0069
706-236-9935
Georgia Bar No. 587657