IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VERNON ROBERTS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | CASE NO.: 2:07-CV-3373-MHT |
| | ) | |
| BARBARA ANN ROBERTS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO QUASH**

**COME NOW** third parties, **Michael Jolly and Dr. Adel Shaker**, by and through Alabama Attorney General, Troy King, via undersigned counsel, and in response to the attached subpoenas, move this Honorable Court pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii), to quash the subpoenas requested by defendant, Robert John Schiess, III, and as grounds for this motion, states as follows:

Barbara Ann Roberts (Mrs. Roberts) and Robert John Schiess, III (Dr. Schiess) are defendants in an ongoing capital murder case in Cherokee County, Alabama.[1] Mrs. Roberts and Dr. Schiess are accused of murdering Martha Darlene Roberts (the deceased). Plaintiff, Vernon Roberts (Mr. Roberts), in *this* case filed civil suit against Mrs. Roberts and Dr. Schiess for the wrongful death of the deceased in the Northern District of Georgia, Rome Division.[2]

Defendant Dr. Schiess, in compliance with Fed. R. Civ. P. Rule 45, filed a subpoena to take the deposition of Michael Jolly (Investigator Jolly), Investigator, with

---

[1] Case numbers CC-06-0461 and CC-06-0462, Cherokee County Criminal Circuit Court.
[2] Case number 4:07-cv-025-HLM.

the Cherokee County, Alabama Sheriff's Office and Dr. Adel Shaker (Dr. Shaker), State Medical Examiner's Office, in the United States District Court, Northern District of Alabama for the production of records, photos, notes, summaries, test results, etc., as to the deceased. Dr. Schiess, filed the same subpoena in the Northern District of Georgia.

The general rule for the scope of discovery in civil actions is stated in Fed. R. Civ. P. 26, as follows: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 45 sets forth the standards for the use of a *subpoena duces tecum*, seeking the production of documents or deposition. "On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. . . . Fed. R. Civ. P. 45(c)(3)(A)(iii).[3]

Federal Rule of Evidence 501 provides that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Ala.Code 1975 § 12-21-3.1 sets forth the privilege asserted by Investigator Jolly and Dr. Shaker, as follows:

> (a) Neither law enforcement investigative reports nor the testimony of a law enforcement officer may be subject to a civil or administrative subpoena except as provided in subsection (c).
>
> (b) Law enforcement investigative reports and related investigative material are not public records. Law

[3] Mr. Jolly's deposition was set for August 27, 2007, and Dr. Shaker's deposition was set for September 21, 2007, however, parties have agreed that said deposition will be continued until this honorable Court rules on this Motion to Quash.

enforcement investigative reports, records, field notes, witness statements, and other investigative writings or recordings are privileged communications protected from disclosure.

(c) Under no circumstance may a party to a civil or administrative proceeding discover material which is not authorized discoverable by a defendant in a criminal matter. Noncriminal parties may upon proper motion and order from a court of record: Secure photographs, documents and tangible evidence for examination and copying only by order of a court imposing such conditions and qualifications as may be necessary to protect a chain of custody of evidence; or protect the prosecutors', law enforcement officers', or investigators' work product; or to prevent the loss or destruction of documents, objects, or evidence. Such discovery order may be issued by a court of record upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources.

(d) Discovery orders prior to the disposition of the criminal matter under investigation are not favored and should be granted only upon showing that the party seeking discovery has substantial need of the materials and is unable, without undue hardship, to obtain the substantial equivalent by other means.

(e) Nothing in this section shall preclude the disclosure of investigative reports, including the testimony of law enforcement officers, to a state administrative agency authorized by law to investigate or conduct administrative contested case hearings in any matter related to the suspension, revocation, or restriction of a professional license or registration for the protection of the public health and safety.

(f) For purposes of this section, a criminal matter is disposed of in any of the following ways:

(1) When the prosecuting authority has presented the matter to a grand jury and a no bill or true bill has been returned.
(2) After a written statement by the chief law enforcement officer of the agency conducting the investigation that the matter under investigation is closed.

    (3) When the entity or individual under investigation has been tried and final judgment entered.

A federal court must look to state law to determine the applicability of any privilege. Fed. R. Evid. 501 (above). Ala. Code 1975 §12-21-3.1, as amended, protects Mr. Jolly and Dr. Shaker from being deposed and producing reports and other documents maintained by themselves or their respective state agencies in this civil case because they are the subject matter of an ongoing criminal investigation.

**WHEREFORE**, the third parties listed above ask this Honorable Court to conduct a hearing and enter an Order quashing the attached subpoenas.

Respectfully submitted on this 12th day of October, 2007.

/s/ J. MATT BLEDSOE
J. MATT BLEDSOE
Assistant Attorney General
Counsel for Third parties Jolly and Shaker

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL 36130
(334) 242-7443
(334) 242-2433 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this 12th day of October, 2007, electronically filed the foregoing pleading with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following counsel:

J. Haran Lowe, Jr. haran.lowe@dps.alabama.gov

And that I have further served a copy of the foregoing upon the following parties, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Barbara Ann Roberts
Cherokee County Jail
110 Cedar Bluff Road
Centre, AL 35960

J. Anderson Davis, Esq.
PO Box 5007
Rome, GA 30162

C. Gregory Price, Esq.
PO Box 69
Rome, GA 30162

Michael O'Dell, Esq.
300 Grand Avenue South, Suite 505
Ft. Payne, AL 35967

US District Court Clerk
600 East First Street
Rome, GA 30161

/s/ J. MATT BLEDSOE
OF COUNSEL

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

Vernon Roberts, Representative Estate et. al.

V.

Barbara Ann Roberts, and Robert Johnn Schiess, III

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 4:07-CV-025-HLM N. D. GA

TO: MICHAEL JOLLY INVESTIGATOR, CHEROKEE COUNTY ALABAMA SHERIFF'S OFFICE

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 440 West Main St., Centre, Alabame 35960 Office of William Hawkins, Esq. on Aug 27, 2007 @ 9 am Central Time | 8/27/2007 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All tangible documents, records, files (electronic or otherwise (may produce on discs)), photos, recordings, lab reports, analysis, professional opinion documents and all other records, or evidence in the case of Robert John Schiess, III pertaining case of Murder of Martha Darlene Roberts

| PLACE | DATE AND TIME |
|---|---|
| 440 West Main St., Centre, Alabama 35960 Office of Wiliam Hawkins, Esq. on Aug 27, 2007 @ 9 am Central Time | 8/27/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Gregory Price, P.C. atty for Defendant Schiess | 8/14/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

C. Gregory Price, P.C./ Smith, Price & Wright, Attys, LLP P.O. Box 69, Rome, GA 30162-0069 706-236-9935 atty for Defendant Robert John Schiess, III

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED- | 8-15-07 | Cherokee Co. S.O. |

| | |
|---|---|
| Michael Jolly | Personal Service |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| Larry Ransom | Special Process Server |
| SERVED BY (PRINT NAME) | TITLE |

proof of service upon MICHAEL JOLLY , Investigator
Cherokee County Alabama Sheriff's Office

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 8-15-2007
DATE

[signature]
SIGNATURE OF SERVER

1910 Lokey Street
ADDRESS OF SERVER

Leesburg, Al 35983

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

Vernon Roberts et. al.

V.

Barbara Ann Roberts, et. al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] N.D. Ga. 4:07CV-025-HLM

TO: Adel Shaker, M.D., State Medical Examiner 716 Arcadia Cr., Huntsville, AL 35801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Rocket City Reporting, 107 Northside Square, Huntsville, AL 35801 | 09-21-07 @10:00am CST |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents, records, photos, notes, summaries, test results, etc., as to Martha Darlene Roberts, deceased and which in any way relate to the case of the State of Alabama v. Barbara Roberts and Robert John Schiess, III.

| PLACE | DATE AND TIME |
|---|---|
| Same as above | 09-21-07@10:00 am CST |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| C. Gregory Price, P.C. Atty for Defenant Robert John Schiess, III | 09-05-07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

P.O. Box 69, Rome, GA 30162-0069 706-236-9935

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

Adel Shaker, M.D.

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________ ____________________
DATE SIGNATURE OF SERVER

____________________
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).