IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

VERNON ROBERTS, as Personal )
Representative of the Estate of )
Martha Darlene Roberts, Deceased, )
                                  )
        Plaintiff,                )
                                  )        CIVIL ACTION FILE NO.:
v.                                )
                                  )        2:07-MC-3373-MHT
BARBARA ANN ROBERTS, and         )
ROBERT JOHN SCHIESS, III,        )
                                  )
        Defendants.               )

## RESPONSE OF PLAINTIFF TO MOTION TO QUASH SUBPOENA

Comes now VERNON ROBERTS, as Personal Representative of the Estate of

Martha Darlene Roberts, Deceased, and files this Response to the Motion to Quash

Subpoena filed on September 26, 2007 on behalf of Brent Thomas of the Alabama

Department of Public Safety, and shows the Court as follows:

## STATEMENT OF THE CASE

On February 2, 2007, Plaintiff filed his Complaint against Defendant Barbara

Ann Roberts ("Defendant Roberts") and Defendant Robert John Schiess, III

("Defendant Schiess") in the United States District Court For The Northern District

of Georgia, Rome Division.  This is a wrongful death action.  On or about April 6,

207952.1

2006, Defendants abducted, assaulted, battered, and murdered Martha Darlene Roberts. Defendant Roberts and Defendant Schiess are incarcerated at the Cherokee County, Alabama jail. They are awaiting trial for the murder they committed of Martha Darlene Roberts. They are being tried separately and the District Attorney's office has indicated that Barbara Roberts would be tried first and presumably tried during the October, 2007 term of Court. However, Counsel for Plaintiff learned, on October 15, 2007, that the trial of Barbara Roberts is not likely to occur until the Spring Term of Court.

During this civil action, several depositions have taken place, including the depositions of both defendants and Vernon Roberts. Both defendants exercised their right and asserted the Fifth Amendment privilege. Defendant Schiess, by and through his attorney, has scheduled the depositions of Brent Thomas, an ABI agent, Michael "Bo" Jolly, an investigator with the Cherokee County, Alabama Sheriff's Department and Adel Shaker, M. D. State Medical Examiner. Each has now moved to quash the subpoenas. This matter is before the Court on the Thomas' Motion to Quash.

## **BACKGROUND**

On June 28, 2007, Plaintiff moved the Court for permission to take the depositions of both defendants. Defendant Schiess objected and sought a stay of the

case.  On July 13, 2007, the United States District Court, Rome Division entered an Order directing that Defendants submit to depositions and granted Plaintiff's Motion to Take Depositions from Barbara Ann Roberts and Robert John Schiess, III.  On July 14, 2007, Defendant Schiess moved to stay the case.  The Honorable Harold Murphy refused to stay the case.  A copy of his Order is attached hereto, marked as Exhibit "A."

Thereafter, on August 14, 2007, Defendant Schiess filed a Notice to Take the Deposition of Michael Jolly.  On August 20, 2007, Robert Johnston, an assistant District Attorney in Cherokee County, Alabama, filed a Motion to Quash in the United States District Court of the Northern District of Georgia, Rome Division.  Judge Murphy entered an Order denying the Motion to Quash on August 31, 2007.  A copy of this Order is attached hereto, marked as Exhibit "B."

## THOMAS' MOTION AND ITS EFFECT

The civil case will be ready to try before the capital murder cases.  Plaintiff will need the testimony of Movant Thomas, Investigator Jolly, Medical Examiner Shaker, and others.  To deprive the parties in this civil action the opportunity to move forward is a misconstruction of the Alabama privilege statute.  The statute allows exceptions where these facts and situations create an undue hardship, and they do.

Brent Thomas, an Agent of the Alabama Department of Public Safety, seeks to quash the subpoena which was served by counsel for Defendant Schiess on the basis of Section 12-21-3.1 of the Code of Alabama 1975. That provision protects law enforcement investigative reports and testimony of a law enforcement officer from subpoena, but this protection is not absolute.

Section 12-21-3.1(c) provides in relevant part that "[N]oncriminal parties may upon proper motion and order from a court of record: secure photographs, documents and tangible evidence for examination and copying...only by order of a court.... Such discovery order may be issued...upon proof by substantial evidence that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources". See Ex Parte Sexton, 904 So.2d 1251 (2004). In essence, the State of Alabama, through its Motion to Quash Subpoena, seeks to deprive the parties in this matter of valuable evidence and testimony compiled in its criminal investigation that cannot be obtained by other means. These records, photographs and other documents are highly relevant to Plaintiff's wrongful death suit and denial of discovery of such material will work an undue hardship on both parties to this civil case.

In this diversity case, the procedural rules and processes of the Federal Rules of Civil Procedure and the Federal Rules of Evidence apply. The Defendants were arrested in April 2006, posted bond and were released in April 2006. The Defendants were indicted in November 2006, and re-arrested and are being held without bond. In this civil case, certain statute of limitations required Plaintiff to file the wrongful death action and proceed with this case, whether the criminal prosecution had been completed or not. While Plaintiff desires the criminal prosecution case to proceed as quickly as possible, Plaintiff must proceed with this civil action to meet the rules and deadlines of the United States District Court, Northern District of Georgia, Rome Division.  Moreover, the delay in prosecuting the criminal cases creates an undue hardship on Plaintiff.

The Court can deny the motion to quash and limit the use of evidence to protect the privilege in the criminal case.  Plaintiff requests the Court allow the use of the evidence, including the testimony of law enforcement personnel, in the civil case. Therefore, Plaintiff requests this Court deny the Motion to Quash which is tantamount to a stay, and requests that this Court deny any stay of the civil action pending the resolution of the criminal matter, and allow, for the civil action only, the use of evidence and any testimony needed to proceed with the prosecution of the wrongful

death action.

Respectfully submitted this 17th day of October 2007.

BRINSON, ASKEW, BERRY, SEIGLER,
RICHARDSON & DAVIS, LLP

By:  s/J. Anderson Davis
J. ANDERSON DAVIS
Georgia Bar No. 211077

Post Office Box 5007
Rome, GA  30162-5007
Phone: 706/291-8853
Fax: 706/234-3574                    Counsel for Plaintiff Vernon Roberts
e-mail:  adavis@brinson-askew.com

## <u>CERTIFICATE OF SERVICE</u>

I, J. ANDERSON DAVIS, do hereby certify that I have this day served a copy of the within and foregoing Response of Plaintiff to Motion to Quash Subpoena with the Clerk of Court using the CM/EDF system, which will automatically send notification of such filing to the following parties at interest:

C. Gregory Price, Esquire
Attorney for Defendant Robert John Schiess, III

Robert F. Johnston, Jr., Esquire, Deputy District Attorney
300 Grand Avenue South, Suite 505, DeKalb County Courthouse
Fort Payne, AL  35967

J. Haran Lowe, Jr., Attorney for Department of Public Safety
Legal Unit, Post Office Box 1511, Montgomery, AL  36012

and via United States mail to:

Barbara Ann Roberts, *Pro Se Defendant,* c/o Cherokee County Jail,
110 Cedar Bluff Road, Centre, AL  35960


This 17th day of October 2007.


    s/J. Anderson Davis
                    J. ANDERSON DAVIS

# Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

VERNON ROBERTS,
as personal representative
 of the Estate of Martha
Darlene Roberts, Deceased,

     Plaintiff,

v.

                             CIVIL ACTION FILE
                             NO. 4:07-CV-0025-HLM

BARBARA ANN ROBERTS and
ROBERT JOHN SCHIESS, III,

     Defendants.

## ORDER

This is a wrongful death action in which Plaintiff alleges

that Defendants murdered his wife. The case is before the

Court on the Motion for Reconsideration filed by Defendant

Robert John Schiess, III [28], and the Motion to Stay filed by

Defendant Robert John Schiess, III [27].

On July 16, 2007, Defendant Robert John Schiess, III ("Defendant Schiess") filed a Motion for Reconsideration of the Court's July 13, 2007, Order granting Plaintiff's Motion to Take Depositions of Defendants.   Defendant Schiess argues that the Court's July 13, 2007, Order failed to consider the arguments set forth in Defendant Schiess's Motion to Stay, which Defendant Schiess filed on July 14, 2007.   For the following reasons, the Court denies Defendant Schiess's Motion for Reconsideration.

Parties should not file motions for reconsideration as a matter of course, but instead should file such motions only when "absolutely necessary." N.D. Ga. R. 7.1E.  Courts have identified three major grounds for seeking reconsideration of a court's previous order: "(1) an intervening change in controlling law; (2) the availability of

2

new evidence; and (3) the need to correct clear error or prevent manifest injustice." Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004). "[T]here must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a 'strongly convincing nature' to induce the court to reverse its prior decision." Id. at 1358 (quoting Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (11th Cir. 1994)). Courts have recognized that "reconsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" Id. (quoting Mannings v. Sch. Bd. of Hillsborough County, 149 F.R.D. 235, 235 (M.D. Fla. 1993)).

Courts have found that motions for reconsideration are inappropriate in a variety of circumstances. Bryan v.

3

<u>Murphy</u>, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003). For example, a party may not use a motion for reconsideration as an attempt to introduce new evidence, but instead must show that the evidence was not available when the court made its initial decision. <u>Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.</u>, 304 F.3d 1167, 1178 (11th Cir. 2002) (quoting <u>Mays v. U.S. Postal Serv.</u>, 122 F.3d 43, 46 (11th Cir. 1997)). Further, a party may not use a motion for reconsideration to present new arguments that the party could have presented earlier, to present arguments that the court already has heard and dismissed, or "to repackage familiar arguments to test whether the court will change its mind." <u>Bryan</u>, 246 F. Supp. 2d at 1259. Finally, "[p]arties may not use a motion for reconsideration as an opportunity to show the court how it 'could have done it better.'" <u>Bryan</u>,

4

246 F. Supp. 2d at 1259 (quoting <u>Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs</u>, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), <u>aff'd</u>, 87 F.3d 1242 (11th Cir 1996)).

As an initial matter, Defendant Schiess had an obligation to raise all of the arguments that he wished to make against allowing Plaintiff to conduct depositions of Defendants in connection with his initial response to the Motion to Take Depositions. Defendant Schiess, however, failed to do so. Instead, Defendant Schiess filed his response on July 6, 2007, and only summarily invoked his Fifth Amendment privilege, and made conclusory arguments as to why the Court should stay the proceedings in this case and prevent the depositions from taking place. Rather than promptly seeking permission to file a

AO 72A
(Rev.8/82)

supplemental response to the Motions to Take Depositions,

Defendant Schiess waited until July 14, 2007, to file his

Motion to Stay.   At that point, the time period for filing

responses to the Motions to Take Depositions had expired.[1]

Because Defendant Schiess failed to supplement his

response to the Motions to Take Depositions within the

applicable response time, his Motion for Reconsideration

fails.

Further, Defendant Schiess's Motion for

Reconsideration, by all accounts, either re-hashes

arguments that Defendant Schiess previously presented to

the Court[2] or attempts to raise new arguments that

---

[1]By the Court's calculation, the period for responding to the
Motions to Take Depositions expired on July 13, 2007.  The Court
does not add three days for mailing to that response time, as the
Motions to Take Depositions were served via electronic case filing,
rather than by mail.

[2]The Court understood and appreciated Defendant Schiess's

Defendant Schiess should have presented to the Court during the applicable response time.  Defendant Schiess therefore is not entitled to reconsideration of the Court's July 13, 2007, Order.

To the extent that Defendant Schiess has filed a separate Motion seeking to stay the proceedings in this case, the Court finds that Defendant Schiess simply has not shown that a stay of the proceedings is appropriate.  As an initial matter, Defendant Schiess has done no more than make a blanket assertion of the Fifth Amendment privilege. For the reasons set forth in the Court's July 13, 2007, Order, such a blanket assertion of privilege is insufficient to warrant a stay of the proceedings in this case.  Second, as also noted in the Court's July 13, 2007, Order, Defendant

---

arguments the first time; however, the Court simply found those arguments unpersuasive.  This remains the case.

7

Schiess has failed to show that he faces the risk of an automatic entry of summary judgment in this action if he asserts his Fifth Amendment privilege. Third, as noted in the July 13, 2007, Order, Defendant Schiess has failed to demonstrate that any "special circumstances" warrant staying the proceedings in this case pending the outcome of the criminal proceedings. Consequently, the Court will not stay the proceedings in this case pending the resolution of the criminal proceedings.

ACCORDINGLY, the Court **DENIES** the Motion for Reconsideration filed by Defendant Robert John Schiess, III [28], and **DENIES** the Motion to Stay filed by Defendant

8

O 72A
Rev.8/82)

Robert John Schiess, III [27].

IT IS SO ORDERED, this the 1̶5̶ day of July, 2007.

_____
UNITED STATES DISTRICT JUDGE

9

# Exhibit "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

VERNON ROBERTS,
as personal representative
of the Estate of Martha
Darlene Roberts, Deceased,

FILED IN CLERK'S OFFICE
U.S.D.C. Rome

AUG 3 1 2007

J       Je     TEN, Clerk
L.                Deputy Clerk

    Plaintiff,

v.

CIVIL ACTION FILE
NO. 4:07-CV-0025-HLM

BARBARA ANN ROBERTS and
ROBERT JOHN SCHIESS, III,

    Defendants.

## ORDER

This is a wrongful death action in which Plaintiff alleges that Defendants murdered his wife. The case is before the Court on a Motion to Quash Subpoena filed on behalf of Michael B. Jolly of the Cherokee County, Alabama, Sheriff's Office [41].

Defendant Schiess served a subpoena for deposition on Investigator Jolly. On August 20, 2007, Attorney Robert F. Johnston, Jr., a Deputy District Attorney, filed a Motion to Quash the subpoena served on Investigator Jolly. For the following

AO 72A
(Rev.8/82)

reasons, the Court denies the Motion to Quash without prejudice, and will require it to be re-filed in accordance with the Local Rules.

First, the Court's records do not indicate that Attorney Johnston is admitted to practice in the United States District Court for the Northern District of Georgia.    Consequently, Attorney Johnston may not file pleadings or motions in this Court.  Prior to filing pleadings or motions in this case, Attorney Johnston either must retain local counsel and be admitted pro hac vice, or must be admitted to the bar of this Court.  N.D. Ga. R. 83.1.

Second, the Motion does not comply with the font and type size requirements of Local Rule 5.1C.  N.D. Ga. R. 5.1C.  The Motion also does not comply with the provisions of that rule requiring that documents be double-spaced between lines.  Id. Further, the Motion fails to attach a memorandum of law in support of the Motion, as required by Local Rule 7.1A(1).  N.D. Ga. R. 7.1A(1) ("Every motion presented to the clerk for filing shall be

2

AO 72A

(Rev.8/82)

accompanied by a memorandum of law which cites supporting authority.").

ACCORDINGLY, the Court **DENIES WITHOUT PREJUDICE**

the Motion to Quash Subpoena [41].

IT IS SO ORDERED, this the 31 day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE

3

AO 72A

(Rev.8/82)