IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **VERNON ROBERTS** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO.: 2:07-mc-3373-MHT |
| | ) |
| **BARBARA ANN ROBERTS, et al.** | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM BRIEF IN SUPPORT OF MOTION TO QUASH

This brief is in support of the previous Motion to Quash filed by the Alabama Department of Public Safety (DPS) and Agent Brent Thomas on September 26th, 2007. Barbara Ann Roberts and Robert John Schiess, III are accused of murdering Martha Darlene Roberts and are subjects of current capital murder cases in Cherokee County, Alabama. The Plaintiff, Vernon Roberts, filed civil suit against both defendants for the wrongful death of Martha Darlene Roberts in the Northern District of Georgia, Rome Division.

The Defendant, Dr. Schiess, under Fed. R. Civ. P. 45 filed a subpoena to take the deposition of agent Thomas and the Alabama Department of Public Safety in the United States District Court, Middle District of Alabama to produce records, photos, notes, summaries, test results, etc. as to the deceased. This subpoena was also filed in the Northern District of Georgia.

Fed. R. Civ. P. 26 controls the scope of discovery in civil actions. It states that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…" This information does not have to be admissible at trial,

as long as the discovery is "reasonably calculated to lead to the discovery of admissible evidence."

Fed. R. Civ. P. 45(c)(3)(A) explains the use of a subpoena duces tenum: "On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it…(iii) requires the disclosure of privileged or other protected matter and no exception or waiver applies…"

Also, Rule 501 of the Federal Rules of Evidence states that in a civil proceeding, the "privilege of a person, government, State, or political subdivision shall be determined in accordance with State law."

Based on this rule, Ala. Code 1975 § 12-21-3.1, as laid out in the Motion to Quash previously filed by the Alabama Department of Public Safety and Agent Thomas, provides Alabama's rule regarding privilege in civil matters. According to this rule, no discovery should be made prior to the disposition of the criminal matter under investigation.

The District Attorney for Cherokee County Alabama who is prosecuting authority in the criminal case, has presented the criminal case to a grand jury and a true bill has been returned; one of the manner of disposition set out under Ala. Code 1975 § 12-21-3.1 paragraph (f). The District Attorney filed a Motion to Quash with the U. S. District Court for the Northern District of Georgia, which was denied.

Both defendants in this civil case, being represented by attorneys, had been given reported preliminary hearings in their capital murder cases, so that they have already had discovery in the underlying cause of action in this case. Their attorneys have also filed for discovery under Rule 16 of the Ala. Rules of Criminal Procedure.

<u>Ala. Code 1975</u> § 12-21-3.1 sets out in paragraph (d) Discovery orders prior to the disposition of the criminal matter under investigation are not favored and <u>should be granted only upon showing that the party seeking discovery has substantial need of the materials and is unable, without undue hardship, to obtain the substantial equivalent by other means.</u>

The Defendants are trying to circumvent Rule 16.1 of the Ala. Rules of Criminal Procedure, the relevant part of which is as follows;

> (c) DOCUMENTS AND TANGIBLE OBJECTS. Upon written request of the defendant, the prosecutor shall, within fourteen (14) days after the request has been filed in court as required by Rule 16.4(c), or within such shorter or longer period as may be ordered by the court, on motion, for good cause shown, permit the defendant to analyze, inspect, and copy or photograph books, papers, documents, photographs, tangible objects, controlled substances, buildings or places, or portions of any of these things, which are within the possession, custody, or control of the state/municipality and:
>
> (1) Which are material to the preparation of defendant's defense; provided, however, <u>that the defendant shall not be permitted to discover or to inspect reports, memoranda, witness lists, or other internal state/municipality documents made by the prosecutor or the prosecutor's agents, or by law enforcement agents in connection with the investigation or prosecution of the case, or statements made by state/municipality witnesses or prospective state/municipality witnesses;</u>
>
> (2) Which are intended for use by the state/municipality as evidence at the trial; or
>
> (3) Which were obtained from or belong to the defendant.
>
> Upon motion of the state/municipality, the court shall impose such conditions or qualifications as may be necessary to protect the chain of custody of evidence, or the prosecutor's, law enforcement officer's, or investigator's work product, or to prevent loss or destruction of such documents or objects.
>
> A.R. Crim. P. 16.1(c) (1) (2) (3) (emphasis added)

That statements were obtained from individuals and the publishing of those statements would be violative of the privacy rights of those individuals.

That requiring disclosure of the investigative file would have a significant impact, and would thwart the governmental processes by discouraging citizens from giving the government information.

That the defendant has not shown, by substantial evidence, any undue hardship in attempting to obtain the information from other sources.

Finally, if the Court decides the requested law enforcement interviews, photos, records and documents are not protected from disclosure by State law statutes or Ala. Rules of Criminal Procedure, DPS respectfully requests for an *in camera* review by the Court or Magistrate Judge to decide the relevance in this case. If the documents, photos, etc.are found to be discoverable, DPS requests that such production be subject to a suitable protective order to safeguard against improper use and unnecessary disclosure of the information. Limiting use of the documents, photos, etc. to this case and for no other purpose and banning disclosure of the documents, photos, etc. except to persons with a bona-fide need to review or possess same in this case to exclude to any person connected in any way to the criminal cases against the defendants including but not limited to the defendants, their attorneys, experts, etc. without the written consent of the District Attorney of Cherokee County, Alabama or an order form the Cherokee County Circuit Court having jurisdiction over the criminal cases. Requiring, upon the conclusion of this case, the return of the records to the DPS.

        Respectfully submitted,

        *s/ J. Haran Lowe, Jr.*
        J. Haran Lowe, Jr.
        ASB-1215-O76J
        haran.lowe@dps.alabama.gov
        Alabama Department of Public Safety
        P.O. Box 1511
        Montgomery, Alabama 36104
        (334) 242-4392
        (334) 242-0894 Fax

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of October, 2007, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J Anderson Davis, Esq.

C. Gregory Price, Esq.

And that I have further served a copy of the foregoing upon the following parties, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Michael O'Dell, Esq.
300 Grand Ave. S, Ste. 505
Ft. Payne, AL 35967-0000

Barbara Ann Roberts
Cherokee County Jail
110 Cedar Bluff Rd
Centre, AL 35960-0000

        *s/J. Haran Lowe, Jr.*
        J. Haran Lowe, Jr.