# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | |
|---|---|
| VERNON ROBERTS, AS PERSONAL ) | |
| REPRESENTATIVE OF THE ESTATE ) | |
| OF MARTHA DARLENE ROBERTS, ) | |
| DECEASED, ) | |
|     PLAINTIFF ) | |
| ) | CIVIL ACTION FILE NO. |
| VS. ) |    2:07MC3373-MHT |
| ) | |
| BARBARA ANN ROBERTS, AND ) | N.D. Ga. Rome Div. Case No. |
| JOHN ROBERT SCHIESS, III ) | 4:07CV-0025HLM |
|     DEFENDANTS ) | |

---

**DEFENDANT SCHEISS' PARTIAL OBJECTION TO THE MAGISTRATES RULING OF OCTOBER 29, 2007 AND REQUEST FOR REVIEW UNDER RULE 72 FEDERAL RULES OF CIVIL PROCEDURE**

---

COMES NOW, Defendant Schiess and within ten (10) days of such ruling/order Respectfully Objects and moves this Court pursuant to Rule 72 of the Fed Rules Civ. Proc. to review and Reverse a portion of the ruling and Order of the Federal Magistrate entered on the 29th day of October , 2007. Robert John Scheiss, III specifically Objects to that portion of the Magistrate's ruling denying to the defendant the right to have under Federal Subpoena of Rule 45, the production, inspection and copying of witness

statements which relate to the case of the *State v. Barbara Roberts and Robert John Scheiss, III,* No. N.D. Ga., 4:07CV-025-HLM.  As well, objection is made to the restriction upon counsel for Scheiss, that counsel cannot disclose information to his client.  A copy of the Court's Order for which reconsideration is being sought is attached hereto and incorporated herein as exhibit "A".

PREAMBLE

This matter is before the Court on a Motion to Quash filed on behalf of a proposed deponent, i.e. Agent Brent Thomas of the Alabama Bureau of Investigation who was an integral investigator into those matters surrounding the death of the plaintiff's wife, all as part of a criminal investigation in Cherokee County, Alabama.  Robert John Schiess, III (defendant in this civil diversity wrongful death action filed in the United States District Court , Northern District of Georgia-Rome Division) and Barbara Roberts (plaintiff's ex-wife) are accused in a criminal indictment in Cherokee County, Alabama of Capital murder.

Defendant Schiess sought to have the civil matter stayed until completion of the criminal trial, the same being denied by the Federal Judge

in the Northern District of Georgia.  As such, discovery proceeded as directed by the Georgia Federal Court and depositions were taken by the plaintiff of the defendant Scheiss and the defendant Roberts.  Thereafter, Scheiss did have issues Subpoenas under Rule 45 as allowed by the Federal Rules of Civil Procedure for the discovery depositions and production of items from Agent Brent Thomas in Montgomery, Alabama; investigator Bo Jolly in the Northern District of Alabama (Cherokee County-Centre, Alabama) and of Dr. Adel Shaker, the medical examiner for the State of Alabama in Huntsville, Alabama.

Various attorneys for the State of Alabama representing the interests of the three persons served with subpoenas for deposition/production, then filed Motions to Quash, with this Court being assigned the Motion to Quash as to Brent Thomas.  Responses were filed by Counsel for the defendant Scheiss and the matter was briefed as required by the Federal Magistrate, i.e. Judge Coody.  A hearing was held electronically and recorded as part of the record on said date in docket item #24 (PDF for Court use)  of the Middle District ECF/CM filing and docketing system and is available for the Court's review.

After hearing, the Honorable Judge Coody denied the Motion to Quash *except* as to requiring the production, inspection and copying disclosure by the deponent (Agent Thomas) of any statements made by witnesses (however, requiring the agent to provide the names and addresses of the witnesses who made statements to Scheiss's counsel) but further restricting Scheiss's counsel from disclosure of the identity and witness information to his client (Scheiss) or any other individual.[1] (See the Magistrate's Order of the 29th of October, 2007 attached hereto as Exhibit "A" and as well, referenced in Docket item #23 in the ECF/CM docketing system for this case in the Middle District of Alabama. It is as to that portion of the Order which prevents production of witnesses statements and the prevention of disclosure to Defendant Scheiss which Objection and request for review is made.

---

[1]   The Magistrates ruling does allow disclosure "…as may be necessary for the conduct of the civil case unless a court of competent jurisdiction permits the disclosure by order."

As such, counsel for defendant Scheiss in this Civil Action respectfully requests this Honorable Court to Review under Rule 72 of the Fed R. Civ. Procedure that portion of the Magistrate Judge's ruling as referenced herein, consider those citations and authority tendered to the Court already of record which movant incorporates herein specifically by reference, and direct that counsel should be entitled to all information as requested in the initial subpoena without restriction as to disclosure.

<u>ADDITIONAL CITATION AND ARGUMENT</u>

In addition to the previously alluded to Brief of Scheiss filed in this action and its citation and arguments contained therein, Scheiss respectfully shows this Court that it is clear from the record and notes of hearing before the Magistrate, was the Magistrate's concern that Scheiss would not be entitled under Alabama Criminal Discovery of witnesses statements made to the investigating criminal officers.

Movant shows that in fact criminal discovery, although not specifically designated for under Rule 16 of Alabama Criminal Procedure, is in fact obtainable and mandatory under <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1968). See also <u>United States v. Gigilio</u>, 405

U. S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); <u>Moore v. Illinois</u>, 408

U. S. 786, 928 S.Ct. 2562, 33 L.Ed.2d 706 (1972); <u>Rini v. State</u>, 235 Ga. 60,

218 S.E.2d 811 (1975); <u>Banks v. State</u>, 235 Ga. 121, 218 S.E.2d 85l (1975);

<u>Thornton v. State</u>, 238 Ga. 160, 23l S.E.2d 729 (1972); 9 Crim. L. Bull., 325,

(May 1973); 40 Chi. L. Rev. 112 (Fall 1972).

It is entirely possible, (and as a result of depositions taken of the plaintiff and one of the defendant's in this civil action, it may even be probable) that significant conflicts in witness statements exist which in and of themselves  may rise to the level of exculpatory information.  Scheiss will never know or have the opportunity to make a reasonable inquiry in preparation of civil trial, or in response to any affidavits that may be filed in the civil action in support of a motion for summary judgement, unless those statements can be produced, viewed and copied.  The inability of Scheiss to have access to such evidence is a significant impairment of his right to properly prepare and defend the civil case, whose standard of proof is significantly less than the criminal standard.

Scheiss request this Honorable Court to allow the production, inspection and copying of such witness statements and to allow counsel for Scheiss, C. Gregory Price, P.C., to disclose to his client such information and to allow

input from the client Scheiss to his counsel as to such evidence.


Respectfully Submitted,
/s/ C. Gregory Price, P.C.
C. Gregory Price, P.C.
For Defendant ROBERT JOHN SCHIESS, III


P.O. Box 69
309 East Second Ave.
Rome, GA 30162-0069
706-236-9935
Georgia Bar No. 587657

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has served a copy of the above and foregoing DEFENDANT SCHEISS' PARTIAL  OBJECTION TO THE MAGISTRATES RULING OF OCTOBER 29, 2007 AND REQUEST FOR REVIEW UNDER RULE 72 FEDERAL RULES OF CIVIL PROCEDURE by electronic means by filing the same with the ECF/CM system for the United States District Court for the Middle  District of Alabama   to insure that the same will be electronically served to all parties and counsel of record and that counsel has caused a copy to be placed in the United States Mail with sufficient postage affixed to insure delivery as follows:

 J. ANDERSON DAVIS, ESQ.  P.O. Box 5513  Rome, GA 30162-5513

 BARBARA ANN ROBERTS, c/o Cherokee County Detention Center, 110 Cedar Bluff Road, Centre, AL 35960-0000

Robert F. Johnston, Jr., C/O Cherokee County District Attorneys Office, 300 Grand Ave. South, Suite 505 Dekalb County Courthouse, Fort Payne, Al 35967.

J. Haran Lowe, Jr. Esq.,  State's Counsel for State of Alabama Department of Public Safety, Legal Unit P.O. Box 1511, Montgomery, Alabama 36102

Clerk, United States District Court, Middle District of Alabama,

Debra Hackett, P.O. Box 711 Montgomery, AL 36101-0711
        Respectfully Submitted,


        Respectfully Submitted,

                        /s/ C. Gregory Price, P.C.
                        C. Gregory Price, P.C.
                        For Defendant ROBERT JOHN SCHIESS, III


P.O. Box 69
309 East Second Ave.
Rome, GA 30162-0069
706-236-9935
Georgia Bar No. 587657

EXHIBIT "A"
Next two (2) pages

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VERNON ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACTION NO. 2:07mc3373-MHT |
| | ) | |
| BARBARA ANN ROBERTS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Now pending before the court is the September 26, 2007, motion to quash (doc. #

1) filed by the Alabama Department of Public Safety and Agent Brent Thomas.  Oral

argument was held on October 29, 2007.  Upon consideration of the motion, it is

ORDERED as follows:

1.  To the extent the movant requests that this court quash the subpoena to

     Thomas to appear before a court reporter for the purpose of taking his

     deposition, the request be and is hereby DENIED.

2.  To the extent the movant requests that this court quash the subpoena to

     produce and permit inspection and copying of all witness statements which

     relate to the case of *State v. Barbara Roberts and Robert John Scheiss III*,

     No. N.D. Ga, 4:07cv25-HLM, the motion be and is hereby GRANTED.[1]

3.  To the extent the movant requests that this court quash the subpoena to

---

[1]This order shall not be construed as prohibiting law enforcement officials from voluntarily providing the information to counsel.

produce all other documents, records, photos, notes, summaries, and test results as to the victim and which relate to the case of *State v. Barbara Roberts and Robert John Scheiss III*, No. N.D. Ga, 4:07cv25-HLM, the motion be and is hereby DENIED.

4.    Agent Brent Thomas shall produce the names and addresses of all witnesses who have provided witness statements to the movant's counsel, C. Gregory Price.  Mr. Price shall not disclose this information to defendant Scheiss, defendant Roberts, the attorneys representing the defendants in the criminal case, and to no other person except as may be necessary for the conduct of the civil case unless a court of competent jurisdiction permits the disclosure by order.

Done this 29th day of October, 2007.


          /s/Charles S. Coody
     CHARLES S. COODY
     CHIEF UNITED STATES MAGISTRATE JUDGE

2