IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **VERNON ROBERTS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO.: 2:07-mc-3373-MHT |
| | ) |
| **BARBARA ANN ROBERTS, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| **ALABAMA DEPARTMENT OF** | ) |
| **PUBLIC SAFETY, et al.** | ) |

**RESPONSE TO DEFENDANT SCHEISS'S PARTIAL
OBJECTIONS TO MAGISTRATE'S RULINGS**

Come now Alabama Department of Public Safety and Agent Brent Thomas by and through their attorney and adopt their briefs previously filed in this matter.

In response to defendant Schiess's Additional Citations and Argument the Alabama Department of Public Safety and Agent Brent Thomas would show the court that Defendant Schiess's own pleading setout in part as follows:

> ……..shows that in fact <u>criminal discovery</u>, although not specifically designated for under Rule 16 of Alabama Criminal Procedure, is in fact obtainable and mandatory under <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1968).

The defendant is again trying to circumvent Rule 16.1 of the Ala. Rules of Criminal Procedure by using the discovery in this <u>civil case</u>, in which the State of Alabama is not a party, to obtain discovery to which they are not entitled without the approval of the Circuit Court of Cherokee County Alabama. The relevant part of Rule 16.1 of the Ala. Rules of Criminal Procedure is as follows;

> (1) Which are material to the preparation of defendant's defense; provided, however, <u>that the defendant shall not be permitted to discover or to inspect reports, memoranda, witness lists, or other internal state/municipality documents made by the prosecutor or the prosecutor's agents, or by law enforcement agents in connection with the investigation or prosecution of the case, or statements made by state/municipality witnesses or prospective state/municipality witnesses;</u>
> A.R. Crim. P. 16.1(c) (1) (emphasis added).

That requiring disclosure of the witness statements prior to order of the Cherokee County, Alabama Circuit Court would have a significant impact, and would thwart the governmental processes by discouraging citizens from giving the government information.

That the defendant has not shown, by substantial evidence, any undue hardship in attempting to obtain the information from other sources.

Alabama Department of Public Safety and Agent Brent Thomas request this Honorable Court to affirm the Magistrate's Order in this matter.

Respectfully submitted the 21st day of November, 2007.

*s/ J. Haran Lowe, Jr.*
J. Haran Lowe, Jr.
ASB-1215-O76J
haran.lowe@dps.alabama.gov
Alabama Department of Public Safety
P.O. Box 1511
Montgomery, Alabama 36104
(334) 242-4392
(334) 242-0894 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2007, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Anderson Davis, Esq.        C. Gregory Price, Esq.

And that I have further served a copy of the foregoing upon the following parties, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Michael O'Dell, Esq.
300 Grand Ave. S, Ste. 505
Ft. Payne, AL 35967-0000

Barbara Ann Roberts
Cherokee County Jail
110 Cedar Bluff Rd
Centre, AL 35960-0000

*s/J. Haran Lowe, Jr.*
**J. Haran Lowe, Jr.**