## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| VERNON ROBERTS, AS PERSONAL ) <br> REPRESENTATIVE OF THE ESTATE ) <br> OF MARTHA DARLENE ROBERTS, ) <br> DECEASED, ) <br>     PLAINTIFF ) <br> ) <br> VS. ) <br> ) <br> BARBARA ANN ROBERTS, AND ) <br> JOHN ROBERT SCHIESS, III ) <br>     DEFENDANTS ) | CIVIL ACTION FILE NO. <br> 2:07MC3373-MHT <br><br> N.D. Ga. Rome Div. Case No. <br> 4:07CV-0025HLM |

_____

**DEFENDANT SCHEISS' SUPPLEMENTAL BRIEF IN SUPPORT OF PARTIAL OBJECTION TO THE MAGISTRATES RULING OF OCTOBER 29, 2007 AND REQUEST FOR REVIEW UNDER RULE 72 FEDERAL RULES OF CIVIL PROCEDURE**
_____

COMES NOW, Defendant Schiess and within time allocated by Order of this Court and files this Supplemental Brief in Support of a Partial Objection to the Magistrates Ruling of the 29th day of October, 2007. Scheiss through counsel shows as follows:

RESTATEMENT OF OBJECTION

Robert John Scheiss, III reiterates that specific Objection to that portion of the Magistrate's ruling denying to the defendant the right to have under Federal Subpoena of Rule 45, the production, inspection and copying of witness statements which relate to the case of the *State v. Barbara Roberts and Robert John Scheiss, III,* No. N.D. Ga., 4:07CV-025-HLM. As well, objection is made to the restriction upon counsel for Scheiss, that counsel cannot disclose information to his client. A copy of the Court's Order for which reconsideration is being sought was attached to the original Motion and was incorporated therein as exhibit "A".

PREAMBLE

This matter is before the Court on a Motion to Quash filed on behalf of a proposed deponent, i.e. Agent Brent Thomas of the Alabama Bureau of Investigation who was an integral investigator into those matters surrounding the death of the plaintiff's wife, all as part of a criminal investigation in Cherokee County, Alabama. Robert John Scheiss, III (defendant in this civil diversity wrongful death action filed in the United States District Court, Northern District of Georgia-Rome Division) and

Barbara Roberts (plaintiff's ex-wife) are accused in a criminal indictment in Cherokee County, Alabama of Capital murder.

Defendant Schiess sought to have the civil matter stayed until completion of the criminal trial, the same being denied by the Federal Judge in the Northern District of Georgia.  As such, discovery proceeded as directed by the Georgia Federal Court and depositions were taken by the plaintiff of the defendant Scheiss and the defendant Roberts.  Thereafter, Scheiss did have issues Subpoenas under Rule 45 as allowed by the Federal Rules of Civil Procedure for the discovery depositions and production of items from Agent Brent Thomas in Montgomery, Alabama; investigator Bo Jolly in the Northern District of Alabama (Cherokee County-Centre, Alabama) and of Dr. Adel Shaker, the medical examiner for the State of Alabama in Huntsville, Alabama.

Various attorneys for the State of Alabama representing the interests of the three persons served with subpoenas for deposition/production, then filed Motions to Quash, with this Court being assigned the Motion to Quash as to Brent Thomas.  Responses were filed by Counsel for the defendant Scheiss and the matter was briefed as required by the Federal Magistrate, i.e.

Judge Coody. A hearing was held electronically and recorded as part of the record on said date in docket item #24 (PDF for Court use) of the Middle District ECF/CM filing and docketing system and is available for the Court's review.

After oral argument at hearing, the Honorable Judge Coody denied the Motion to Quash *except* as to requiring the production, inspection and copying disclosure by the deponent (Agent Thomas) of any statements made by witnesses (however, requiring the agent to provide the names and addresses of the witnesses who made statements to Scheiss's counsel) but further restricting Scheiss's counsel from disclosure of the identity and witness information to his client (Scheiss) or any other individual.[1] (See the Magistrate's Order of the 29th of October, 2007 attached hereto as Exhibit "A" and as well, referenced in Docket item #23 in the ECF/CM docketing system for this case in the Middle District of Alabama.

_____

[1] The Magistrates ruling does allow disclosure "…as may be necessary for the conduct of the civil case unless a court of competent jurisdiction permits the disclosure by order."

It is as to that portion of the Order which prevents production of witnesses statements and the prevention of disclosure to Defendant Scheiss which Objection and request for review is made.

## ADDITIONAL CITATION AND ARGUMENT

In addition to the previously alluded to Brief of Scheiss filed before the Magistrate previously in this action, (and the citation and arguments as contained therein) as well as those Citations and Arguments made in the Motion/Partial Objection which is before the Court, Scheiss requests the Court to consider the following argument and citation.

The Government in its response brief to this Objection suggest that a defendant in a FEDERAL civil action should be bound by the limitations of criminal discovery imposed against criminal defense lawyers in a State court prosecution. (Specifically, the State of Alabama, in representing the Alabama Bureau of Investigation Officer who is the proposed deponent in this Federal Civil Action, asserts that Rule 16.1 of the Alabama Rules of

Criminal Procedure blocks the disclosure of witness statements made to the ABI agent, UNLESS the civil defendant can demonstrate an undue hardship and suggests that the same may be obtainable elsewhere, although not explaining how such statements which are singularly and exclusively in the possession of the agent could be otherwise obtained.

Despite the fact that Scheiss contends that he has no burden in a Federal Discovery process of showing undue hardship before he can obtain documents under a Rule 45 Subpoeana (Fed. Rule of Civil Procedure Rule 450, Scheiss can show that unless he has access to such witness statements and the ability to share discloser of the same with his civil counsel, that he has an inability to properly respond to any affidavits that may be filed in the civil action in support of a motion for summary judgement. Unless those statements can be produced, viewed and copied and compared to other statements made by any witnesses in this action, the ability to challenge credibility issues is negated. The inability of Scheiss to have access to such evidence is a significant impairment of his right to properly prepare and defend the civil case, whose standard of proof is significantly less than the criminal standard. Such constitutes and undue hardship.

Again, Scheiss asserts no responsibility to justify the discovery requests under Fed. Rule 45 and asserts that Federal Procedural processes and procedures overrule a state procedural process in actions which are pending in Diversity actions in a Federal District Court. See <u>Ferrero v. Associate Materials, Inc.</u>, 923 F. 2d 1441 (11th Cir. 1991) where it was found that Federal Courts should apply the Federal Rules to the exclusion of any contrary state procedure as long as the Rule is both constitutional and within the scope of the enabling act. (Also see <u>Baird v. Celis, M.D.</u> 41 F. Supp. 2d 1358 (1999).

## CONCLUSION

As such, Scheiss respectfully requests this Honorable Court to allow the production, inspection and copying of such witness statements and to allow counsel for Scheiss, C. Gregory Price, P.C., to disclose to his client such information .

        Respectfully Submitted,
        <u>/s/ C. Gregory Price, P.C.</u>
        C. Gregory Price, P.C.
        For Defendant ROBERT JOHN SCHIESS, III

P.O. Box 69
309 East Second Ave.
Rome, GA 30162-0069
706-236-9935    Georgia Bar No. 587657

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned has served a copy of the above and foregoing DEFENDANT SCHEISS' SUPPLEMENTAL BRIEF IN SUPPORT OF PARTIAL OBJECTION TO THE MAGISTRATES RULING OF OCTOBER 29, 2007 AND REQUEST FOR REVIEW UNDER RULE 72 FEDERAL RULES OF CIVIL PROCEDURE by electronic means by filing the same with the ECF/CM system for the United States District Court for the Middle District of Alabama to insure that the same will be electronically served to all parties and counsel of record and that counsel has caused a copy to be placed in the United States Mail with sufficient postage affixed to insure delivery as follows:

J. ANDERSON DAVIS, ESQ.  P.O. Box 5513  Rome, GA 30162-5513

BARBARA ANN ROBERTS, c/o Cherokee County Detention Center, 110 Cedar Bluff Road, Centre, AL 35960-0000

Robert F. Johnston, Jr., C/O Cherokee County District Attorneys Office, 300 Grand Ave. South, Suite 505 Dekalb County Courthouse, Fort Payne, Al 35967.

J. Haran Lowe, Jr. Esq., State's Counsel for State of Alabama Department of Public Safety, Legal Unit P.O. Box 1511, Montgomery, Alabama 36102

<u>Clerk, United States District Court</u>, Middle District of Alabama,

Debra Hackett, P.O. Box 711 Montgomery, AL 36101-0711
    Respectfully Submitted,


    Respectfully Submitted,

        <u>/s/ C. Gregory Price, P.C.</u>
        C. Gregory Price, P.C.
      For Defendant ROBERT JOHN SCHIESS, III


P.O. Box 69
309 East Second Ave.
Rome, GA 30162-0069
706-236-9935
Georgia Bar No. 587657