IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VERNON ROBERTS, )  )  Plaintiff, )  )  v. )  )  BARBARA ANN ROBERTS, *et al.*, )  )  Defendants. ) | CASE NO. 2:07mc3373-MHT |

**RESPONSE TO REMAND**

On November 28, 2007, this matter was remanded to me for a written explanation of why I denied certain discovery requests in this case. The purpose of this response to the remand order is to provide that explanation.

Presently pending in the United States District Court for the Northern District of Georgia is a wrongful death diversity action by the husband of Martha Roberts. Martha allegedly was murdered by Barbara Roberts and Robert Schiess who are the defendants in the death case. Barbara Roberts and Robert Schiess are also under indictment in Alabama for the murder of Martha Roberts. The district judge presiding over the diversity action in Georgia has ordered that discovery proceed in the case. As a part of the discovery, Robert Schiess wants to depose Agent Brent Thomas, so he issued from this court a FED.R.CIV.P. 45 subpoena to compel his testimony. Schiess says that

> Thomas is an individual who is an investigator with the Alabama Bureau of Investigation and has knowledge, information and substantive facts and tangible items which are not only discoverable but may lead to evidence applicable to defenses of the defendant in the Civil Action . . .

The action in this court is a satellite action filed by the Alabama Department of Public Safety (Department) and Agent Brent Thomas who asked the court to quash the deposition subpoena and an associated request for production of documents which generally are part of the criminal case file in the murder case. The court heard oral argument on the motion to quash on October 29, 2007, and on that same date entered an order which among other things denied Schiess access to witness statements. The court also ordered as follows:

> Agent Brent Thomas shall produce the names and addresses of all witnesses who have provided witness statements to the movant's counsel, C. Gregory Price. Mr. Price shall not disclose this information to defendant Scheiss, defendant Roberts, the attorneys representing the defendants in the criminal case, and to no other person except as may be necessary for the conduct of the civil case unless a court of competent jurisdiction permits the disclosure by order.

Schiess objected to and appealed from the court's order denying him access to the witness statements and to the order prohibiting disclosure to his client of the names and addresses of the persons who provided statements. The objection and appeal is what prompted the court to request the Magistrate Judge explain the reasons for the resolution of the motion to quash.

The underlying case is a wrongful death action, and, as such, the federal court's jurisdiction is founded solely on diversity. 28 U.S.C. § 1332. Thus, the last sentence of FED. R. EVID. 501 applies: "However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be

determined in accordance with State law." Here, the state law[1] is ALA. CODE § 12-21-3.1(b) and (c) which provides as follows:

> (b) Law enforcement investigative reports and related investigative material are not public records. Law enforcement investigative reports, records, field notes, witness statements, and other investigative writings or recordings are privileged communications protected from disclosure.
>
> (c) Under no circumstance may a party to a civil or administrative proceeding discover material which is not authorized discoverable by a defendant in a criminal matter. Noncriminal parties may upon proper motion and order from a court of record: Secure photographs, documents and tangible evidence for examination and copying only by order of a court imposing such conditions and qualifications as may be necessary to protect a chain of custody of evidence; or protect the prosecutors', law enforcement officers', or investigators' work product; or to prevent the loss or destruction of documents, objects, or evidence. Such discovery order may be issued by a court of record upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources.

The Alabama Supreme Court characterizes this statute as providing a statutory privilege, *Ex parte Sexton,* 904 So.2d 1251, 1252 (Ala. 2004), so it obviously falls within the ambit of FED. R. EVID. 501, and this court is bound to apply it. *See Price v. Time, Inc.*, 416 F.3d 1327, 1335 (11th Cir. 2005).[2] This doesn't end the enquiry because

---

[1] The court has not overlooked that the absolutism of this statement about which law applies might be entirely wrong. The wrongful death case is filed in Georgia and governed by Georgia law. The deposition subpoena was issued in Alabama for an Alabama law enforcement officer's deposition. These facts suggest that a really difficult choice of law problem might exist because it is possible that Georgia's privilege law might apply rather than Alabama's. The parties apparently have not recognized this question; in fact, Schiess didn't respond at all to the Department and Thomas' assertion of the Alabama statutory privilege. It probably doesn't matter because Georgia law would most likely protect disclosure in much the same way. *See Napper v. Georgia Television Co.*, 257 Ga. 156, 356 S.E.2d 640 (Ga. 1987).

[2] In the order to which partial objections are made the court denied the motion the quash the deposition of Agent Thomas. At first glance that might seem inconsistent with enforcing the privilege, but it is not. Notwithstanding the statute's broad language, a reasonable construction of it would lead to

subsection (c) creates a hardship and unavailability exception to the otherwise broad prohibition of disclosure of witness statements. Under Alabama law a "showing of undue hardship requires more than a mere conclusory statement by the party seeking the information that he or she could not obtain the equivalent of the information in the reports sought by discovery without undue hardship." *Ex parte Alabama Dept. of Mental Health and Mental Retardation,* 840 So.2d 863, 868 (Ala. 2002). Schiess has not made the necessary showing; indeed, he has not made or attempted to make any showing at all that he is unable to interview the same witnesses interviewed by Agent Thomas. Absent that showing, Schiess in not entitled to the witness statements. *Id.*

    Putting aside the privilege issue, even though it seems dispositive, there is a prudential reason why Schiess should not have access to the witness statements, and it is also the reason why the court prohibited his counsel from disclosing to him certain information about potential witnesses. There is a strong federal policy against federal court interference with ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). While *Younger* commands that a federal court ordinarily should abstain when the exercise of its jurisdiction interferes with an ongoing state criminal proceeding, this case is before this court in an unusual posture. The question of whether discovery in the case should continue has been resolved by the Georgia court. However,

---

the conclusion that a law enforcement officer is not protected from giving any testimony. Thus, the time to assert the statutory privilege is at the deposition. *See, e.g., King-Fisher Co. v, United States*, 58 Fed. Cl. 570 (2003)(Blanket assertion of privilege does not automatically bar deposition).

a determination that discovery is permissible does not answer the question of what kind and to what extent discovery is permissible. And even though these questions are issues which should be resolved by federal law, application of that law certainly ought to be informed by and respect state law. Here, other than the privilege statute, the next best state law is ALA. R. CRIM. P. 16.1(e):

> Information Not Discoverable. Except as provided in (a), (b), and (d), the discovery or inspection of reports, memoranda, witness lists, or other internal state/municipality documents made by the prosecutor or the prosecutor's agents, or by law enforcement agents, in connection with the investigation or prosecution of the case, or of statements made by state/municipality witnesses or prospective state/municipality witnesses, is not authorized.

Providing the defendant with the information which he seeks in the civil case would nullify this criminal rule which is applicable in the state criminal proceeding. Nullification is surely interference of the highest kind, even if indirect. This court ought not ignore the existence of the state criminal proceeding and the effect on it of the rulings which are made here. Concerning the names of the witnesses, defense counsel ought to be able to find out who they are and interview them. Identifying them to persons under indictment is quite another matter. Counsel may find out that he can't fulfill his responsibilities without conferring with his client, but again his client's demand for their identities at this point devolves into nothing more than an unsupported desire to know who they are.

It is for these reasons that the order (doc. # 23) was entered on October 29, 2007, and for these reasons why the court adheres to those findings and determinations.

Done this 3rd day of December, 2007.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE