IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VERNON ROBERTS, as Personal Representative of the Estate of Martha Darlene Roberts, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO.: |
| v. | ) ) | 2:07-MC-3373-MHT |
| BARBARA ANN ROBERTS, and ROBERT JOHN SCHIESS, III, | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT SCHIESS' PARTIAL OBJECTION TO THE CHIEF MAGISTRATE JUDGE'S ORDER OF OCTOBER 29, 2007**

Comes now VERNON ROBERTS, as Personal Representative of the Estate of

Martha Darlene Roberts, Deceased, and files this his Response to Defendant Schiess'

Partial Objection to the Chief Magistrate Judge's Order of October 29, 2007, and

shows the Court as follows:

**PRELIMINARY STATEMENT**

Chief Magistrate Judge Charles S. Coody's October 29, 2007 Order should

be affirmed because the requirements for discovery under Alabama Code § 12-21-

3.1 have been met—(1) the denial of this discovery would result in undue hardship upon the parties; and (2) the photographs and testimony of witnesses are unavailable from other reasonable resources.  See ALA. CODE § 12-21-3.1.

## STATEMENT OF THE CASE

On February 2, 2007, Plaintiff filed his wrongful death Complaint against Defendant Barbara Ann Roberts ("Defendant Roberts") and Defendant Robert John Schiess, III ("Defendant Schiess") in the United States District Court, Northern District of Georgia, Rome Division ("Rome District Court").  On or about April 6, 2006, Defendants abducted, assaulted, battered, and murdered Martha Darlene Roberts.  While awaiting trial for the murder of Martha Darlene Roberts, Defendant Roberts and Defendant Schiess are currently incarcerated at the Cherokee County, Alabama Detention Center.  The Cherokee County, Alabama District Attorney's office has chosen to try Defendants Roberts and Schiess separately and has indicated that Barbara Roberts would be tried first.  Defendant Roberts' trial was originally scheduled for October, 2007, but is now not likely to occur until, at the earliest, this Spring.

During this civil action, the parties have taken several depositions, including the depositions of both Defendants and Plaintiff Vernon Roberts.  During their respective

depositions, both Defendants exercised their right to assert the Fifth Amendment privilege. Defendant Schiess, by and through his attorney, has scheduled the depositions of Brent Thomas, an agent with the Alabama Bureau of Investigation; Michael "Bo" Jolly, an investigator with the Cherokee County, Alabama Sheriff's Department; and Adel Shaker, M. D. State Medical Examiner. On October 29, 2007, Chief Magistrate Judge Coody denied each's motion to quash the subpoenas. This matter is before the Court on Schiess' Partial Objection to the Magistrate Judge's Order of October 29, 2007.

## **BACKGROUND**

On June 28, 2007, Plaintiff moved the Rome District Court for permission to take the depositions of both defendants. Defendant Schiess objected and sought a stay of the case. On July 13, 2007, the Rome District entered an Order granting Plaintiff's Motion to Take Depositions from Barbara Ann Roberts and Robert John Schiess, III and directing that Defendants submit to depositions. On July 14, 2007, Defendant Schiess moved to stay the case. On July 16, 2007, the Honorable Harold L. Murphy, United States District Court, Northern District of Georgia, Rome Division, refused to stay the case. A copy of Judge Murphy's July 16, 2007 Order is attached as Exhibit "A."

Thereafter, on August 14, 2007, Defendant Schiess filed a Notice to Take the Deposition of Michael Jolly. On August 20, 2007, Robert Johnston, an assistant District Attorney in Cherokee County, Alabama, filed a Motion to Quash in the Rome District Court. On August 31, 2007, Judge Murphy entered an Order denying the Motion to Quash. A copy of Judge Murphy's August 31, 2007 Order is attached as Exhibit "B."

## THE MOTION TO QUASH AND ITS POTENTIAL EFFECT

The civil case will be ready to try before the criminal cases. Plaintiff needs the testimony of Agent Thomas, Investigator Jolly, Medical Examiner Shaker, and others in order to prove his case. To deprive the parties in this civil action the opportunity to move forward would be a misapplication of the Alabama privilege statute (ALA. CODE § 12-21-3.1). The statute allows exceptions where the facts and situations create an undue hardship, as they do here.

Brent Thomas sought to quash the subpoena that was served by counsel for Defendant Schiess on the basis of Section 12-21-3.1 of the Code of Alabama 1975. That provision protects law enforcement investigative reports and testimony of a law enforcement officer from subpoena, but this protection is ***not absolute***.

Section 12-21-3.1(c) provides in relevant part that:

Noncriminal parties may upon proper motion and order from a court of record: Secure photographs, documents and tangible evidence for examination and copying only by order of a court imposing such conditions and qualifications as may be necessary to protect a chain of custody of evidence; or protect the prosecutors', law enforcement officers', or investigator's work product; or to prevent the loss or destruction of documents, objects, or evidence. Such discovery order may be issued . . . upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources.

ALA. CODE § 12-21-3.1(c). In essence, the State of Alabama, through its Motion to Quash Subpoena, sought to impose an undue hardship upon and deprive the parties in this matter of valuable evidence and testimony compiled in its criminal investigation that cannot be obtained by other means. These records, photographs, and other documents are highly relevant to Plaintiff's wrongful death suit and the denial of discovery of such material would work an undue hardship on **both parties** to this civil case.[1]

Similarly to Ex Parte Sexton, Plaintiff shows that:

(a) "the photographs of the [crime] scene taken by the sheriff's investigator were unique, having been taken contemporaneously with the

---

[1] The requirement of ALA. CODE § 12-21-3.1(d) has been satisfied because the "prosecuting authority has presented the matter to a grand jury and a . . . true bill has been returned." ALA. CODE § 12-21-3.1(d).

initial investigation of the incident that formed the basis of the civil action;" (b) "that similar photographs could not be obtained from any other source or by any other means;" and (c) "that the absence of those photographs at the trial of the civil action would impose an undue hardship on the litigants."

Ex Parte Sexton, 904 So.2d 1251, 1252. In this case, there are photographs of the crime scene that are essential to the case. Furthermore, Plaintiff requires the testimony of these witnesses in order to prove his case at trial. Without the testimony of these witnesses and the accompanying foundation for physical and documentary evidence that they can provide, Plaintiff will be exposed to an undue hardship. Thus, the Chief Magistrate Judge's Order should be upheld.[2]

In this diversity case, the procedural rules and processes of the Federal Rules of Civil Procedure and the Federal Rules of Evidence apply. In April, 2006, the Defendants were arrested, posted bond, and were released. In November, 2006, the Defendants were indicted, re-arrested, and are being held without bond. In this civil case, the statute of limitations required Plaintiff to file the wrongful death action and proceed with this case, whether the criminal prosecution had been completed or not. While Plaintiff desires the criminal prosecution to proceed as quickly as possible,

---

[2] On November 1, 2007, the Honorable Inge Prytz Johnson, United States District Court for the Northern District of Alabama, Middle Division, entered a similar order denying-in-part a parallel motion to quash. A true and correct copy of Judge Johnson's November 1, 2007 Order is attached to this Response as Exhibit "C."

Plaintiff must proceed with this civil action to meet the rules and deadlines of the Rome District Court.  Moreover, because the criminal cases have been delayed, being relegated to proceed after the criminal cases are finished would create an undue burden on Plaintiff.

This Court can affirm the denial of the Motion to Quash and limit the use of evidence to protect the privilege in the criminal case.  Therefore, Plaintiff requests this Court affirm the denial of the Motion to Quash—which is tantamount to a motion to stay—and allow, for the civil action only, the use of evidence and any testimony needed to proceed with the prosecution of the wrongful death action.

Respectfully submitted this 11th day of December, 2007.

> BRINSON, ASKEW, BERRY, SEIGLER,
> RICHARDSON & DAVIS, LLP
>
> By:   /s/ J. Anderson Davis
>       J. ANDERSON DAVIS
>       Georgia Bar No. 211077

Post Office Box 5007
Rome, GA  30162-5007
Phone: 706/291-8853
Fax: 706/234-3574                    Counsel for Plaintiff Vernon Roberts
e-mail:  adavis@brinson-askew.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VERNON ROBERTS, as Personal | ) | |
| Representative of the Estate of | ) | |
| Martha Darlene Roberts, Deceased, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | 2:07-MC-3373-MHT |
| BARBARA ANN ROBERTS, and | ) | |
| ROBERT JOHN SCHIESS, III, | ) | |
| | ) | |
|     Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, J. ANDERSON DAVIS, do hereby certify that I have this day served a copy of the within and foregoing Plaintiff's Response to Defendant Schiess' Partial Objection to the Chief Magistrate Judge's Order of October 29, 2007 with the Clerk of Court using the CM/EDF system, which will automatically send notification of such filing to the following parties at interest:

C. Gregory Price, Esquire
Attorney for Defendant Robert John Schiess, III

Robert F. Johnston, Jr., Esquire, Deputy District Attorney
300 Grand Avenue South, Suite 505, DeKalb County Courthouse
Fort Payne, AL  35967

J. Haran Lowe, Jr., Attorney for Department of Public Safety
Legal Unit, Post Office Box 1511, Montgomery, AL  36012

Jason Matthew Bledsoe, Office of the Attorney General
11 South Union Street, Montgomery, AL 36130

and via United States mail to:

Barbara Ann Roberts, *Pro Se Defendant,* c/o Cherokee County Jail,
110 Cedar Bluff Road, Centre, AL  35960


This 11th day of December, 2007.


        /s/ J. Anderson Davis
        J. ANDERSON DAVIS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

VERNON ROBERTS,
as personal representative
 of the Estate of Martha
Darlene Roberts, Deceased,

      Plaintiff,

v.

BARBARA ANN ROBERTS and
ROBERT JOHN SCHIESS, III,

      Defendants.

CIVIL ACTION FILE
NO. 4:07-CV-0025-HLM

ORDER

This is a wrongful death action in which Plaintiff alleges

that Defendants murdered his wife. The case is before the

Court on the Motion for Reconsideration filed by Defendant

Robert John Schiess, III [28], and the Motion to Stay filed by

Defendant Robert John Schiess, III [27].

AO 72A
(Rev.8/82)

Case 4:07-cv-000.   HLM   Document 29   Filed 07/16   J7   Page 2 of 9

On July 16, 2007, Defendant Robert John Schiess, III ("Defendant Schiess") filed a Motion for Reconsideration of the Court's July 13, 2007, Order granting Plaintiff's Motion to Take Depositions of Defendants.   Defendant Schiess argues that the Court's July 13, 2007, Order failed to consider the arguments set forth in Defendant Schiess's Motion to Stay, which Defendant Schiess filed on July 14, 2007.   For the following reasons, the Court denies Defendant Schiess's Motion for Reconsideration.

Parties should not file motions for reconsideration as a matter of course, but instead should file such motions only when "absolutely necessary."   N.D. Ga. R. 7.1E.   Courts have identified three major grounds for seeking reconsideration of a court's previous order: "(1) an intervening change in controlling law; (2) the availability of

2

AO 72A
Rev.8/82)

new evidence; and (3) the need to correct clear error or prevent manifest injustice." <u>Williams v. Cruise Ships Catering & Serv. Int'l, N.V.</u>, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004). "[T]here must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a 'strongly convincing nature' to induce the court to reverse its prior decision." <u>Id.</u> at 1358 (quoting <u>Sussman v. Salem, Saxon & Nielsen, P.A.</u>, 153 F.R.D. 689, 694 (11th Cir. 1994)). Courts have recognized that "reconsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" <u>Id.</u> (quoting <u>Mannings v. Sch. Bd. of Hillsborough County</u>, 149 F.R.D. 235, 235 (M.D. Fla. 1993)).

Courts have found that motions for reconsideration are inappropriate in a variety of circumstances. <u>Bryan v.</u>

3

AO 72A
Rev.8/82)

Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003). For example, a party may not use a motion for reconsideration as an attempt to introduce new evidence, but instead must show that the evidence was not available when the court made its initial decision. Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc., 304 F.3d 1167, 1178 (11th Cir. 2002) (quoting Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997)). Further, a party may not use a motion for reconsideration to present new arguments that the party could have presented earlier, to present arguments that the court already has heard and dismissed, or "to repackage familiar arguments to test whether the court will change its mind." Bryan, 246 F. Supp. 2d at 1259. Finally, "[p]arties may not use a motion for reconsideration as an opportunity to show the court how it 'could have done it better.'" Bryan,

4

246 F. Supp. 2d at 1259 (quoting <u>Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs</u>, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), <u>aff'd</u>, 87 F.3d 1242 (11th Cir 1996)).

As an initial matter, Defendant Schiess had an obligation to raise all of the arguments that he wished to make against allowing Plaintiff to conduct depositions of Defendants in connection with his initial response to the Motion to Take Depositions. Defendant Schiess, however, failed to do so. Instead, Defendant Schiess filed his response on July 6, 2007, and only summarily invoked his Fifth Amendment privilege, and made conclusory arguments as to why the Court should stay the proceedings in this case and prevent the depositions from taking place. Rather than promptly seeking permission to file a

5

AO 72A
(Rev.8/82)

Case 4:07-cv-000.   HLM   Document 29   Filed 07/16   07   Page 6 of 9

supplemental response to the Motions to Take Depositions,
Defendant Schiess waited until July 14, 2007, to file his
Motion to Stay.   At that point, the time period for filing
responses to the Motions to Take Depositions had expired.[1]
Because Defendant Schiess failed to supplement his
response to the Motions to Take Depositions within the
applicable response time, his Motion for Reconsideration
fails.

   Further, Defendant Schiess's Motion for
Reconsideration, by all accounts, either re-hashes
arguments that Defendant Schiess previously presented to
the Court[2] or attempts to raise new arguments that

---

   [1]By the Court's calculation, the period for responding to the
Motions to Take Depositions expired on July 13, 2007.  The Court
does not add three days for mailing to that response time, as the
Motions to Take Depositions were served via electronic case filing,
rather than by mail.

   [2]The Court understood and appreciated Defendant Schiess's

6

O 72A

Rev.8/82)

Defendant Schiess should have presented to the Court during the applicable response time. Defendant Schiess therefore is not entitled to reconsideration of the Court's July 13, 2007, Order.

To the extent that Defendant Schiess has filed a separate Motion seeking to stay the proceedings in this case, the Court finds that Defendant Schiess simply has not shown that a stay of the proceedings is appropriate. As an initial matter, Defendant Schiess has done no more than make a blanket assertion of the Fifth Amendment privilege. For the reasons set forth in the Court's July 13, 2007, Order, such a blanket assertion of privilege is insufficient to warrant a stay of the proceedings in this case. Second, as also noted in the Court's July 13, 2007, Order, Defendant

---

arguments the first time; however, the Court simply found those arguments unpersuasive. This remains the case.

7

Schiess has failed to show that he faces the risk of an automatic entry of summary judgment in this action if he asserts his Fifth Amendment privilege.  Third, as noted in the July 13, 2007, Order, Defendant Schiess has failed to demonstrate that any "special circumstances" warrant staying the proceedings in this case pending the outcome of the criminal proceedings.  Consequently, the Court will not stay the proceedings in this case pending the resolution of the criminal proceedings.

ACCORDINGLY, the Court **DENIES** the Motion for Reconsideration filed by Defendant Robert John Schiess, III [28], and **DENIES** the Motion to Stay filed by Defendant

O 72A
Rev.8/82)

8

Case 4:07-cv-000.  HLM   Document 29   Filed 07/16  07   Page 9 of 9

Robert John Schiess, III [27].

IT IS SO ORDERED, this the 16 day of July, 2007.

_____

UNITED STATES DISTRICT JUDGE

AO 72A

Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

VERNON ROBERTS,
as personal representative
of the Estate of Martha
Darlene Roberts, Deceased,

      Plaintiff,

v.

BARBARA ANN ROBERTS and
ROBERT JOHN SCHIESS, III,

      Defendants.

FILED IN CLERK'S OFFICE
U.S.D.C. Rome

AUG 3 1 2007

J̲e̲_____, Clerk
Deputy Clerk

CIVIL ACTION FILE
NO. 4:07-CV-0025-HLM

## ORDER

This is a wrongful death action in which Plaintiff alleges that Defendants murdered his wife. The case is before the Court on a Motion to Quash Subpoena filed on behalf of Michael B. Jolly of the Cherokee County, Alabama, Sheriff's Office [41].

Defendant Schiess served a subpoena for deposition on Investigator Jolly. On August 20, 2007, Attorney Robert F. Johnston, Jr., a Deputy District Attorney, filed a Motion to Quash the subpoena served on Investigator Jolly. For the following

AO 72A

(Rev.8/82)

reasons, the Court denies the Motion to Quash without prejudice, and will require it to be re-filed in accordance with the Local Rules.

First, the Court's records do not indicate that Attorney Johnston is admitted to practice in the United States District Court for the Northern District of Georgia. Consequently, Attorney Johnston may not file pleadings or motions in this Court. Prior to filing pleadings or motions in this case, Attorney Johnston either must retain local counsel and be admitted pro hac vice, or must be admitted to the bar of this Court. N.D. Ga. R. 83.1.

Second, the Motion does not comply with the font and type size requirements of Local Rule 5.1C. N.D. Ga. R. 5.1C. The Motion also does not comply with the provisions of that rule requiring that documents be double-spaced between lines. Id. Further, the Motion fails to attach a memorandum of law in support of the Motion, as required by Local Rule 7.1A(1). N.D. Ga. R. 7.1A(1) ("Every motion presented to the clerk for filing shall be

2

accompanied by a memorandum of law which cites supporting authority.").

ACCORDINGLY, the Court **DENIES WITHOUT PREJUDICE**

the Motion to Quash Subpoena [41].

IT IS SO ORDERED, this the 31 day of August, 2007.


_____
UNITED STATES DISTRICT JUDGE

AO 72A

(Rev.8/82)

FILED
2007 Nov-01 PM 03:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

VERNON ROBERTS,

     Plaintiff,

vs.                                          CASE NO. MC-07-J-1887-M

BARBARA ANN ROBERTS, et al.,

     Defendants.

### <u>ORDER</u>

Pending before the court is plaintiff's motion for reconsideration, response of plaintiff to motion to quash subpoena, and cross-motion for discovery (doc. 8). Having considered said motion, the court finds as follows:

The plaintiff, who did not issue the subpoena which is the subject of the motion to quash, asserts "undue hardship will result if the Motion to Quash is granted." The plaintiff states the parties seek "records, photographs and other documents" highly relevant to plaintiff's wrongful death suit and that "denial of discovery of such material will work an undue hardship on both parties to this civil case." Plaintiff's motion, at 5.

Admittedly, the court did not consider "undue hardship" to the plaintiff from granting the motion to quash, as the subpoena which was the subject of the motion to quash was served by defendants, not plaintiff. To date, the defendants have not set

forth evidence of "undue hardship" and therefore the court declines to reconsider that ruling.[1]  It is therefore **ORDERED** that the motion for reconsideration is **DENIED.**

The court also has before it the plaintiff's response to motion to quash subpoena and cross-motion for discovery.

The Alabama rule cited in the motion to quash states as follows:

> ... Noncriminal parties may upon proper motion and order from a court of record:  Secure photographs, documents and tangible evidence for examination and copying only by order of a court imposing such conditions and qualifications as may be necessary to protect a chain of custody of evidence....  Such discovery order may be issued by a court of record upon proof by substantial evidence, that the moving party will suffer under hardship and that the records, photographs or witnesses are unavailable from other reasonable sources.

Section 12-21-3.1 (c), *Code of Alabama 1975*, as amended.

Having considered the plaintiff's cross-motion for discovery, the court is of the opinion it is due to be granted, and the motion to quash is due to be denied in part and granted in part.  The motion to quash shall be denied and the parties to this action shall be allowed to obtain from non-parties Michael Jolly and Dr. Adel Shaker copies of those items not prohibited by Alabama law, *to wit*: photographs, documents and tangible evidence in the case of *State v. Barbara Roberts and Robert John Scheiss, III*, No. N.D. Ga, 4:07cv25-HLM.  The motion to quash shall be granted as to the remainder of documents sought by the subpoena in question.

---

[1]The court assumes, without deciding, that the plaintiff can indeed request the court reconsider a ruling on the defendants' motion, as such decision is not essential to the court's determination on the remainder of the plaintiff's pleading.

It is therefore **ORDERED** by the court that the motion to quash is **DENIED** in part and **GRANTED** in part, as set forth above.

**DONE** and **ORDERED** this the 1st day of November, 2007.

_____

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE